J. De Leo & Co., Inc., Respondent-Appellant, v. American Eagle Fire Insurance Company of New York, Appellant-Respondent.— Plaintiff, a manufacturing furrier, sues the defendant insurance company for the amount of a judgment recovered against it by a customer whose fur coat was stolen from plaintiff's custody. The furrier's customer's basic policy issued by defendant to plaintiff undertakes to pay for loss of property insured in accordance with the policy provisions irrespective of whether the insured is legally liable therefor. The custody rider annexed to the policy which plaintiff claims covers the loss of the property, the subject matter of the litigation, reads as follows: "This policy covers only Furs * * * owned by or under contract of sale to customers of the named Assured, * * * accepted by the named Assured for storage, alteration, repairing, cleaning or remodeling and for which the named Assured issues a receipt which includes an agreement that the named Assured shall effect insurance and contains the provisions required by Condition 1 of this Rider." It will be noted that the policy coverage is limited to furs "for which the named Assured issues a receipt". Among other things, the conditions required under the above-quoted rider which must appear upon the face of the receipt limit the defendant's liability to the amount stipulated in the receipt as to the value of the garment by the assured and its customer; and the receipt must also provide that plaintiff will have effected insurance for the benefit of its customer on each item listed in the receipt. Other conditions indicate that the premiums chargeable to plaintiff by defendant insurance company are based upon the amounts listed on the receipts; and no other basis for computation of premiums is set forth in the provisions of the rider. It is clear, therefore, that a receipt must be issued in accordance with the provisions of the coverage clause and the conditions contained in the custody rider before any insurance becomes effective pursuant to that rider. It is conceded without quali-

fication that no such receipt was ever issued by plaintiff to its customer. In these circumstances plaintiff has no cause of action upon the policy pleaded in its complaint and the order, insofar as it denies defendant's motion for summary judgment, is unanimously reversed, with $20 costs and disbursements to the defendant-appellant-respondent, and judgment is directed to be entered herein in favor of the defendant dismissing the complaint herein, with costs. Present — Dore, J. P., Cohn, Callahan, Breitel and Botein, JJ.